JACKSON A. VAIL *v.* J. & J. H. PECK & Co. *and their trustees,* CARLOS BANCROFT AND OTHERS;—R. M. GUILFORD AND OTHERS, *Claimants.*

*Assignment law of* 1852. *Trustee process.*

An assignment of choses in action to a trustee for the benefit of the creditors of the assignor in pursuance of the assignment law of 1852 (Laws of 1852, p. 14,) is at once operative against any subsequent attachments by the trustee process, if the proper papers respecting the assignment are duly filed in the county clerk's office within ten days, as provided for by said law.

TRUSTEE PROCESS. The trustees severely disclosed that they were indebted to the principal defendants upon choses in action; but that, after the service of the writ, summoning them as trustees in the present action, they were notified by the claimants that the demands against the said trustees had been assigned to said claimants.

The claimants filed allegations, avering that before the commencement of the plaintiff's writ, or the service of the same on the trustees, the principal defendants made an assignment in writing to the claimants as trustees, for the benefit of the creditors of the principal defendants, of all their goods, effects, rights and credits in the hands and possession of the persons summoned as trustees in the present suit, and that a copy of said assignment and of the inventory of the property assigned and of the list of the creditors to be benefitted by said assignment, was filed in the county clerk's office of the county of Chittenden, where the principal defendants resided, and their assigned property was situated, within ten days after the making of said assignment, &c., &c. The allegations contained no averments that any notice of the assignment was given to the persons summoned as trustees in the present action until after they they had been so summoned.

To these allegations the plaintiff demurred, and the county court, March Term, 1855,—POLAND, J., presiding,—*pro forma* adjudged the allegations insufficient, and that the trustees were chargeable, upon their disclosures. Exceptions by the claimants.

*Peck & Colby, George F. Edmunds* and *S. Wires* for the claimants.

*J. A. Vail* and *T. P. Redfield* for the plaintiffs.

The opinion of the court was delivered, at the circuit session in September, by

REDFIELD, CH. J. The only question made in the present case is, whether, in an assignment for the benefit of creditors, under the statute of 1852, it becomes necessary to give notice to the debtors on choses in action, which, by the express terms of the statute, may be included in the assignment, in order to prevent their being held, by trustee process, during the first ten days after the date of the assignment. And, it seems to us, it is not needful to give such notice. The statute provides a mode of giving publicity and a public character to the assignment, by filing copies of the assignment, and schedules of the property and the creditors, within ten days, "in the county clerk's office in the county where the assignment is made and the property assigned is situated."

This property must be regarded as being situated in the creditors' place of residence and business, for all purposes of this statute and giving notice under it. It is not objected that the proper papers were not filed in the office of the clerk of Chittenden county, where the assignment was made and the property so situated, within the ten days named in the statute; but it was not done until after this attachment intervened.

And we are satisfied it was the purpose of the statute to make the assignment good, for ten days, as to all intervening liens, in favor of creditors certainly, without notice to the debtors. And after that, if the proper papers are not filed in the proper offices, the assignment becomes inoperative as to attachments and levies until said papers are filed; and this, no doubt, even where the assignee may have taken possession or given notice. This view is the only one which seems to us altogether consistent with the provisions of the statute and its general purpose. We find, too, upon examination of the cases referred to in argument, that the same construction has been given, in other states, to statutes very similar to that of 1852. This is so in Connecticut and in Pennsylvania.

Judgment reversed.