WEBSTER O. MOORE v. RALPH SMITH, *Appellant.*

*Assignment for the benefit of Creditors.*

The rule requiring a change of possession of personal property, as against the creditors of the vendor or assignor, does not apply to the assignment of property for the benefit of creditors, made in accordance with the statutes of this state on that subject.

TRESPASS for taking certain articles of personal property. Plea, the general issue with notice of special matter in defence.

The following statement of facts was agreed upon by the parties:

On the 2nd of September, 1861, one Moore made at Rupert, in this state, an assignment to the plaintiff of his property, consisting of real and personal estate, for the benefit of his creditors, in pursuance of the statute in relation to such assignments. The plaintiff at the same time duly filed a bond in the proper probate court for the faithful performance of his trust as such assignee, which bond was accepted by the probate court. On the same day the plaintiff also filed a true copy of the assignment, together with an inventory of the property assigned, and a list of the creditors to be benefited, in the county clerk's office for Bennington county. The plaintiff immediately accepted such assignment, and entered upon his duties as assignee.

After the assignment, Moore, the assignor, continued to reside on the real estate which was assigned, the same as before the assignment. The assignor did not, previous to the trespass complained of, occupy or take actual possession of such real estate. After the execution of the assignment the assignor, with the plaintiff's consent, on several occasions used the personal property described in the declaration, for his own benefit, the same as before the assignment. On the 29th of September, 1861, Moore borrowed said property of the plaintiff and used it, and, after using it, put it in the barn on the assigned premises, which premises he was then occupying. Early the next morning, while the property was still in said barn, the defendant, as constable, attached it on a writ against Moore, in favor of one Danforth, a creditor named and provided for in the assignment. The value of the property so attached was seventy-five dollars.

Moore v. Smith.

Upon these facts the county court, at the June Term, 1862, KELLOGG, J., presiding, rendered judgment *pro forma,* for the defendant, to which the plaintiff excepted.

*H. K. Fowler,* for the plaintiffs.

*R. Howard,* for the defendant.

BARRETT, J. The only question presented by the facts agreed upon is, whether any thing more was necessary to be done than was done, in order to protect the assigned property in the assignee, against the attachment of the creditors of the assignor. In other words, whether the law will imply fraud, as against such creditors, from the facts reported. No question of *fraud in fact* is involved; but only one of what is called *fraud in law,* as depending on the facts as to possession.

On this point, the provision of the statute of 1857, No. 11, sec. 3, seems explicit and conclusive. It is in terms, that after the copies of the assignment and bond have been filed, as required by the statute, the assigned property shall not be liable to attachment and execution at the suit of the creditors of the assignor. The statute prescribes what is to be done in order to a valid assignment of the property, and when that is done, the assignee is invested with a valid title, unless it be affected with fraud in fact. The principle of *Vail* v. *Peck et als.,* 27 Vt. 764, is directly applicable to this case.

Judgment reversed, and judgment for the plaintiff, for the value of the property, as agreed.